UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | : | CASE NO. 21-13429-PDR |
| Hunters Point Land Trust, | : | |
| | : | CHAPTER 11 |
| Debtor._____/ | | |

### UNITED STATES TRUSTEE'S EXPEDITED MOTION
### TO DISMISS OR CONVERT CASE

Nancy J. Gargula, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order converting this chapter 11 case and in support respectfully states as follows:

1. Hunters Point Land Trust (the "Debtor") filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code on April 12, 2021.

2. The Debtor's Bankruptcy Schedules lists residential real property located at 12850 Hunters Point, Southwest Ranches, FL (the "Property") with a value of $3.1M and encumbered by a first mortgage held by Wilmington Trust National Association and a second mortgage held by Linda J. Odonnell Trust [ECF No. 24].

3. The Debtor's Statement of Financial Affairs lists a foreclosure proceeding against the Property initiated by Wilmington Trust National Association case number CACE-200003734 [ECF No. 24 pg. 15]. Upon information and belief, at the time of filing, Wilmington Trust National Association had obtained a Final Judgment of Foreclosure against the Property and a foreclosure sale was scheduled for April 13, 2021. The Debtor's Case Management Summary indicates that it filed bankruptcy to stop the foreclosure sale [ECF No. 2].

4.     On April 14, 2021, the Office of the United States Trustee sent the Debtor, through its counsel, email correspondence scheduling an Initial Debtor Interview for April 27, 2021 at 10:30 a.m., and requesting certain information in accordance with the United States Trustee Operating Guidelines and Reporting Requirements, including proof of insurance for the Property (the "Guidelines") to be provided no later than April 26, 2021.

5.     On the morning of April 27, 2021, the Office of the United States Trustee sent Debtor's counsel an email stating that no Guideline documents or proof of insurance had been received. Debtor's counsel responded that the Debtor was working on getting everything. At the time the Initial Debtor Interview was held, the Debtor had not complied with the Guidelines.

6.     On May 7th, 2021, the Office of the United States Trustee sent the Debtor, through its counsel, a second email correspondence reminding the Debtor that the UST Guideline documents and particularly the insurance documents remained outstanding. The Office of the United States Trustee did not receive a response.

7.     On May 12, 2021, the Office of the United States Trustee for the third time sent the Debtor, through its counsel email notice that no Guideline documents or proof of insurance had been received. Debtor's counsel replied stating for the first time that the secured lender Wilmington Trust National Association had force placed insurance on the Property and the Debtor needed a copy of the force placed insurance in order to obtain general liability insurance. Undesigned counsel informed the Debtor that this was not acceptable, and that force placed insurance only protects the lender and not the estate.

8.     Also on May 12, 2021, undersigned counsel conducted the 341 meeting of creditors (the "Meeting of Creditors") and questioned Mr. Andrew Venezia, who holds a 50% interest in the Debtor (the "Debtor's Principal"). At the Meeting of Creditors, the Debtor's Principal testified

that in 2013 while the Property was in foreclosure, the Debtor obtained title to the Property through a transfer of title from the prior owners. The Debtor's Principal testified that since the transfer of title, the Debtor has rented the Property and currently rents the Property for $11,500 per month. The Debtor's Principal further testified that since the transfer of title in 2013, the Debtor has not made any mortgage payments, paid any property taxes or maintained insurance.

9. Following the Meeting of Creditors, undersigned gave the Debtor yet another extension of the deadline and required that all documents and insurance be provided by Monday May 17, 2021.

10. On the afternoon of May 17, 2021, Debtor's counsel emailed undersigned requesting yet another extension of the deadline to produce documents and provide insurance. The United States Trustee responded by filing the instant motion.

11. The Debtor has not provided proof of insurance for the Property or provided the United States Trustee with all of the Guideline documents requested.

12. Pursuant to 11 U.S.C. § 1112(b)(4)(C), failure to maintain appropriate insurance that poses a risk to the estate or to the public is sufficient grounds to convert or dismiss the case.

13. Pursuant to 11 U.S.C. § 1112(b)(4)(H), failure to timely provide information or attend meetings reasonably requested by the United States Trustee is sufficient grounds to convert or dismiss this case.

14. The foregoing factors are indicative of the Debtor's inability to manage its affairs and effectively maneuver through the reorganization process. There appears an absence of a reasonable likelihood of rehabilitation and an unlikely ability to effectuate a plan, and therefore, it is in the best interest of creditors and the estate that this case be converted or dismissed pursuant to 11 U.S.C. § 1112(b).

WHEREFORE, the United States Trustee respectfully the entry of an order converting or dismissing this case, and for any other and further relief that this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

| | |
|---|---|
| Dated: May 18, 2021. | NANCY J. GARGULA<br>United States Trustee<br><br>By: /s/ *Adisley M. Cortez-Rodriguez*<br>Adisley M. Cortez-Rodriguez Esq.<br>Florida Bar No. 0091727<br>Office of the United States Trustee<br>51 S.W. First Avenue Suite 1204<br>Miami, FL 33130<br>Tel: (305) 536.666; (202) 567-1574<br>Adisley.M.Cortez-Rodriguez@usdoj.gov |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on May 18, 2021, a true and correct copy of foregoing was electronically filed with the Court using the CM/ECF system, which sent notification and was electronically served on all parties in interest participating in the CM/ECF system:

- Mark S. Roher, Esq.mroher@markroherlaw.com; ECF2.markroherlaw@gmail.com
- Scott Andron sandron@broward.org
- Andrea S. Hartley andrea.hartley@akerman.com


By: /s/ *Adisley M. Cortez-Rodriguez*
Adisley M. Cortez-Rodriguez Esq.